**Hendratmo WONGSO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74366.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 2004.

Decided June 17, 2004.

Eugene C. Wong, Esq., Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffrey A. Wadsworth, U.S. Department of Justice, Civil Division, Earle B. Wilson, Esq., Jeffrey Bucholtz, U.S. Department of Justice, Civil Div., Office of Immigration Lit., Washington, DC, for Respondent.

BEFORE: B. FLETCHER, TROTT and FISHER, Circuit Judges.

### MEMORANDUM *

Hendratmo Wongso is an ethnic Chinese citizen of Indonesia. The Immigration Judge ("IJ") denied Wongso's applications for asylum, voluntary departure, withholding of removal and protection under the Convention Against Torture ("CAT"). The IJ found Wongso's application for asylum untimely under 8 U.S.C. § 1158(a)(2). Alternatively, the IJ found that even if Wongso's asylum application were timely, he was not credible and therefore failed to provide sufficient evidence to establish past persecution or a well-founded fear of persecution. In addition, the IJ concluded that Wongso's claims for withholding of removal and CAT protection failed due to insufficient evidence. Wongso petitions for review of the Board of Immigration Appeals' ("BIA's") streamlined decision affirming the IJ's decision.[1] Because of the BIA's summary affirmance, we review the IJ's decision as if it were the BIA's decision. *See Cedano–Viera v. Ashcroft,* 324 F.3d 1062, 1063 n. 1 (9th Cir.2003).

■■■ Because the IJ applied 8 U.S.C. § 1158(a)(2)(D) to conclude that Wongso's application for asylum was untimely, we do not have jurisdiction to review that determination. *See* 8 U.S.C. § 1158(a)(3) (2004) ("No court shall have jurisdiction to review any determination of the Attorney General under [8 U.S.C. § 1158(a)(2) ]."); *Molina–Estrada v. INS,* 293 F.3d 1089, 1093 (9th Cir.2002); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). Nevertheless, Wongso argues that the IJ's untimeliness determination violates due process because the IJ allegedly failed to consider the asylum officer's assessment to refer, which concluded that Wongso's application was timely due to changed circumstances. Even assuming that 8 U.S.C. § 1158(a)(3) does not preclude our jurisdiction to review colorable constitutional claims, Wongso does not have such a claim. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Wongso introduced the same evidence of changed circumstances before the IJ that he presented to the asylum officer, and the officer's assessment to refer was itself entered into evidence. The IJ was not bound by the asylum officer's conclusions; thus, Wongso's challenge is based on the weight, if any, that the IJ gave to these conclusions and does not amount to a colorable due process claim. Rather, it is merely a substantial evidence argument dressed in the garb of a due process claim.

■■■ We do have jurisdiction under 8 U.S.C. § 1252 to review the IJ's decision to deny withholding of removal and CAT protection. *See Hakeem,* 273 F.3d at 816. Substantial evidence in the record supports the IJ's adverse credibility finding. Wongso failed to offer a credible explanation for omitting any reference in his asylum application to his alleged beatings, which went to the heart of his claim, and his testimony about these beatings and other events was vague and lacked meaningful detail. *See Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999). Thus, Wongso has not offered credible evidence that would compel a finding that it is more likely than not that he would be persecuted on account of his ethnicity in Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1185 (9th Cir.2003). Nor has he presented credible evidence to show that it is "more

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In this appeal Wongso does not challenge streamlining or the denial of his application for voluntary departure.

likely than not that he ... would be tortured" if returned to Indonesia. *Kamal-thas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

**Petition DISMISSED in part and DENIED in part.**